# EXHIBIT

# B

10/11/2019 1:45 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37590754
By: Carolina Salgado
Filed: 10/11/2019 1:45 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MAGGIE MALEKIFAR, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| OCCIDENTAL FIRE & CASUALTY | § | |
| OF NORTH CAROLINA, | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff, Maggie Malekifar, files this original petition against defendant, Occidental Fire & Casualty Company of North Carolina, and alleges as follows:

### A. DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because plaintiff seeks monetary relief over $100,000.

### B. RELIEF

2.     Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. TEX. R. CIV. P. 47(c)(4).

### C. PARTIES

3.     Plaintiff, Maggie Malekifar, is an individual and resident of Harris County.

4.     Defendant, Occidental Fire & Casualty Company of North Carolina, is a domestic insurance carrier, incorporated and engaging in the business of insurance in the State of Texas, and may be served with process by serving its Attorney for Service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Certified Document Number: 87570081 - Page 1 of 13

## D. Jurisdiction

5.      This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

## E. Venue

6.      Venue is mandatory and proper in Harris County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

## F. Conditions Precedent

7.      All conditions precedent to recovery have been performed, waived, or have occurred.

## G. Facts

8.      Plaintiff is the owner of a homeowner insurance policy, policy number TXH 1156708, issued by the defendant (hereinafter referred to as the "Policy").

9.      Plaintiff owned the insured property that is specifically located at 2845 Sherwin Street, Houston, Texas 77007 (hereinafter referred to as the "property").

10.     Defendant or its agent sold the policy, insuring the property, to plaintiff.

11.     On or about August 25, 2017, plaintiff's property sustained windstorm damage. Plaintiff submitted a claim to Occidental against the policy for damage caused to the property as a result of the wind. Plaintiff asked Occidental to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.  Occidental assigned claim number 156708363780 to plaintiff's claim.

Certified Document Number: 87570081 - Page 2 of 13

12.     On or about September 23, 2017, Mark Curtis ("Curtis"), on behalf of Occidental, inspected the property in question. The storm caused significant damage to the roof, including loss of granules to the shingles.  Wind damage uplifted and removed shingles, which would not allow the shingles to reseal to prevent water intrusion.  The wind lifted and loosened the nails that previously fastened the shingles to the sheathing.  Water penetrated the newly created openings and damaged the plywood sheathing.

13.     Curtis' unreasonable investigation of the claim included a failure to comply with Occidental's policies and procedures concerning roof inspections and when to replace or repair a roof. The roof required full replacement under Occidental's policies and procedures including repairs to the roof jack, drip edge, and other structural parts of the roof. Curtis performed an unreasonable investigation by failing to document all of the damage to the roof.  Curtis did not conduct a thorough roof inspection and only allowed the minimum cost to remove and replace the roof shingles. As a result of Curtis' unreasonable and brief investigation, the insured was wrongly denied the full cost to replace the roof.

14.     Curtis performed an insufficient and unreasonable interior investigation of the property.  Water intrusion from the roof caused extensive damage to the bedrooms, bathrooms, kitchen, dining room, living room, hallways, stairs, family room, and personal belongings.  The extensive damage to the interior of the property called for the drywalls to be sealed, hung, taped, and floated, removal and replacement of insulation, repair to the texture, painting, carpet and floor replacement, and content removal.  Curtis did not conduct a thorough interior inspection and did not allow for any interior damages. As a result of Curtis' unreasonable investigation, the insured was wrongly denied the full cost to repair all of the interior damage.

Certified Document Number: 87570081 - Page 3 of 13

15.     The storm also caused extensive damage to the exterior of the property. Specifically, it caused damage to windows, siding, and doors. Curtis did not conduct a thorough exterior inspection and did not allow the cost to repair the exterior.  As a result of Curtis' unreasonable exterior investigation, plaintiff was wrongly denied the full cost to repair all of the damage to the exterior of her property.[1]

16.     Despite documenting damage to the roof, Curtis performed insufficient and unreasonable interior and exterior investigations of the home.  As a result, Curtis missed significant interior and exterior damages to insured's home. Curtis conducted an insufficient inspection and prematurely closed insured's claim.  At the time of the investigation, premature closing of claims was part of a pattern and practice of claims handling by Occidental.

17.     Occidental failed to properly adjust the claim and defendant has denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by insured.  Furthermore, Occidental underpaid portions of the insured's claims by not providing full coverage for the damages sustained by the insured, as well as under-scoping the damages during its investigation.

18.     To date, Occidental continues to delay in the payment for the damages to the property. As such, the insured's claim(s) still remain unpaid and the insured still has not been able to properly repair the property.

19.     Occidental employs a system that, when properly operated, ensures a prompt, fair and efficient delivery of Occidental's promise to pay.  Occidental's claims system consists of, in part, the following:

        a.     Claims adjusting policies and procedures;

Certified Document Number: 87570081 - Page 4 of 13

b.     Claims handling procedures and materials and claim files to track customer

claims;

c.     Claim files containing documentation relating to:

(1)     the investigation of Occidental claim;

(2)     the evaluation of coverage, liability and damages;

(3)     negotiation or alternative dispute resolution (ADR) to achieve settlement;

and

(4)     litigation management.

d.     Claims underwriting procedures, files and reports that relate to:

(1)     the condition of the risk at the time of underwriting and during the

investigation of the claim;

(2)     information provided by Occidental's claims representatives to

underwriting department about the condition of the risk;

(3)     information related to Occidental's establishment of "loss reserves," or

funds set aside to pay losses such as the loss at issue in this lawsuit;

(4)     loss control measures instituted by Occidental's underwriting department

to identify corrective measures created to prevent or mitigate losses on this risk;

and

(5)     on-site inspections conducted by Occidental's loss control personnel to

provide underwriters with a thorough assessment of the risk.

e.     Personnel files and procedures relating to the qualifications, training and

supervision of its employees; and

f. Occidental's relationships with and procedures created to supervise third-party adjusters that it allows to handle its customers' claims.

20. Occidental failed to follow applicable claim adjusting policies and procedures, including its own claim adjusting policies and procedures, while handling plaintiff's claim.

21. In addition, Occidental failed to properly assess the condition of the risk during the underwriting process and during the policy period and Occidental failed to establish a loss reserve that was commensurate with the risk and possible extent of the loss. Occidental's improper underwriting actions negatively impacted the amount of funds available for a fair payment of plaintiff's claim and provided Occidental with a motive to underpay and/or wrongly deny plaintiff's claim.

22. Occidental failed to properly qualify, train and supervise its employees and agents to whom Occidental entrusted the handling of various portions of plaintiff's claim. The identity of these agents and employees include, but are not limited to, Mark Curtis.

23. Occidental, its agents and employees failed to follow procedures and properly execute their duties as promulgated in Occidental's system of administering and handling plaintiff's claim. Occidental's actions, as detailed in the facts of this petition and the allegations set forth below, caused a system failure that resulted in Occidental's violation of the Texas Insurance Code, Texas Deceptive Trade Practices Act, as well as the violation of a host of Texas common law principles of law. These violations resulted in Occidental's denial to plaintiff of the full protection and benefits of these laws and the policy benefits to which plaintiff was entitled.

Certified Document Number: 87570081 - Page 6 of 13

### H. COUNT 1 - BAD FAITH

24.     Plaintiff is an insured under an insurance contract issued by Occidental, which gave rise to a duty of good faith and fair dealing.

25.     Defendant breached the duty by denying and delaying payment of a covered claim when defendant knew or should have known its liability under the policy was reasonably clear.

26.     Following its initial inspection conducted on September 23, 2017, Occidental possessed all information necessary to enable it to make a fair coverage and payment determination on plaintiff's claim. In addition, following its initial inspection, Occidental failed to provide coverage for all of the covered damage, including the damage that plaintiff's inspector discovered during her inspection.  Although Occidental designed its claims investigation system in a manner that would ensure timely claim payments, reasonable property inspections, and thorough property inspections, Occidental failed to honor its obligation to perform a reasonable investigation and issue timely payment to plaintiff.

27.     Defendant's breach of duty proximately caused injury to plaintiff, which resulted in the following damages:

        a.      mental anguish damages; and

        b.      loss of policy benefits.

28.     <u>Exemplary damages.</u>  Plaintiff suffered injury independent of the loss of policy benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud, which entitles plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### I. COUNT 2 - BREACH OF CONTRACT

Certified Document Number: 87570081 - Page 7 of 13

29.    In addition to other counts, Occidental breached its contract with plaintiff.

30.    Plaintiff and defendant executed a valid and enforceable insurance contract.   The contract stated that defendant would pay the replacement cost of all damage which occurred to plaintiff's property caused by a covered peril, and that plaintiff would pay insurance premiums and perform other obligations as outlined in the insurance policy.

31.    Plaintiff fully performed plaintiff's contractual obligations.

32.    Occidental breached the contract by refusing to pay the full amount of the cost to repair or replace the property.   Occidental failed and refused to pay any of the proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by plaintiff.

33.    Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

34.    <u>Attorney Fees.</u>   Plaintiff is entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiff retained counsel, who presented plaintiff's claim to Occidental.   Occidental did not tender the amount owed within 30 days of when the claim was presented.

### J. COUNT 3 – DECEPTIVE INSURANCE PRACTICES

35.    Defendant Occidental failed to explain to plaintiff the reasons for Occidental's offer of an inadequate settlement.   Occidental failed to offer plaintiff adequate compensation without adequate explanation of the basis in the policy for its decision to make less than full payment. Furthermore, Occidental did not communicate that any future settlements or payments would

be forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle plaintiff's claim.

36.   Occidental failed to affirm or deny coverage of plaintiff's claim within a reasonable time.   Specifically, plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Occidental.

37.   Occidental refused to fully compensate plaintiff under the terms of the policy, even though Occidental failed to conduct a reasonable investigation.   Occidental performed an outcome-oriented investigation of the plaintiff's claim which resulted in a biased, unfair and inadequate evaluation of plaintiff's losses on the property.

38.   Occidental failed to meet its obligations under the Texas Insurance Code regarding its duties to timely acknowledge plaintiff's claim, begin an investigation of plaintiff's claim, and request all information reasonably necessary to investigate plaintiff's claim within the statutorily mandated time of receiving notice of plaintiff's claim.

39.   Occidental failed to accept or deny plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.   In addition, Occidental failed to communicate with plaintiff to ensure that plaintiff understood the coverage denials they received.

40.   Defendants' acts or practices violated:

      a.   Texas Insurance Code chapter 541, subchapter B.

        (1)   Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue.   TEX. INS. CODE §541.060(a)(1).

        (2)   Not attempting in good faith to bring about a prompt, fair, and equitable

Certified Document Number: 87570081 - Page 9 of 13

settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A).

      (3)    Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3).

      (4)    Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A).

      (5)    Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7).

      (6)    Making an untrue statement of material fact. TEX. INS. CODE §541.061(1).

      (7)    Leaving out a material fact, so that other statements are rendered misleading. TEX. INS. CODE §541.061(2).

    b.    Texas Deceptive Trade Practices Act §17.46(b).

      (1)    Representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law. TEX. BUS. & COM. CODE §17.46(b)(12).

    c.    Texas Insurance Code Chapter 541.151.

41.  Defendant's acts and practices were a producing cause of injury to plaintiff which resulted in the following damages:

    a.    actual damages; and

    b.    insurance policy proceeds.

42.  Plaintiff seeks damages within the jurisdictional limits of this Court.

Certified Document Number: 87570081 - Page 10 of 13

43.   <u>Additional damages.</u>  Defendant acted knowingly, which entitles plaintiff to recover treble damages under Texas Insurance Code section 541.152(b).

44.   <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

### K.  COUNT 4 - LATE PAYMENT OF CLAIMS

45.   Plaintiff is an insured under a contract for homeowner's insurance issued by defendant.

46.   Defendant Occidental is a corporation.

47.   Plaintiff suffered a loss covered by the policy and gave proper notice to Occidental of plaintiff's claim.

48.   Occidental is liable for the claim and had a duty to pay the claim in a timely manner.

49.   Defendant breached its duty to pay plaintiff's claim in a timely manner by not timely:

    a.    acknowledging the claim;

    b.    investigating the claim;

    c.    requesting information about the claim;

    d.    paying the claim after wrongfully rejecting it; and

    e.    paying the claim after accepting it.

50.   Occidental's breach of duty caused injury to plaintiff, which resulted in the following damages:

    a.    mental anguish damages;

    b.    policy proceeds;

    c.    prejudgment interest; and

Certified Document Number: 87570081 - Page 11 of 13

      d.     consequential damages.

51.   <u>Statutory damages.</u>  Plaintiff is entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

52.   <u>Attorney fees.</u>  Plaintiff is entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

### L. JURY DEMAND

53.   Plaintiff respectfully request a trial by jury.

### M. CONDITIONS PRECEDENT

54.   All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

### N. PRAYER

55.   For these reasons, plaintiff asks that they be awarded a judgment against defendants for the following:

      a.     Actual damages.

      b.     Statutory damages.

      c.     Prejudgment and postjudgment interest.

      d.     Court costs.

      e.     Attorney fees.

      f.     All other relief to which plaintiff is entitled.

Respectfully submitted,

Scott Law Offices, P.C.
P.O. Box 53358
Houston, Texas 77052
Telephone: (713) 941-9309
Facsimile: (844) 270-0740


_/s/Danny Ray Scott_

Danny Ray Scott
State Bar No. 24010920
casenotifications@scottlawyers.com

_Attorney for Plaintiff_

Certified Document Number: 87570081 - Page 13 of 13



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:        87570081 Total Pages:  13

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

7078 1130 0002 1705 8673

A2

CAUSE NO. 201974948

RECEIPT NO.                                     75.00        CTM
\*\*\*\*\*\*\*\*\*\*                              TR # 73685880

| | |
|---|---|
| PLAINTIFF: MALEKIFAR, MAGGIE<br>vs.<br>DEFENDANT: OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA | In The  125th<br>Judicial District Court<br>of Harris County, Texas<br>125TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris


TO: OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA
    BY SERVING ITS ATTORNEY FOR SERVICE C T CORPORATION SYSTEM

    1999  BRYAN STREET SUITE 900    DALLAS  TX  75201

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION


This instrument was filed on the 11th day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 15th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:                         MARILYN BURGESS, District Clerk
SCOTT, DANNY RAY                              Harris County, Texas
2019  WICHITA STREET                          201 Caroline, Houston, Texas 77002
HOUSTON, TX  77004                            (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 941-9309
Bar No.: 24010920                             Generated By: SALGADO, CAROLINA  G17//11354928

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, ____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____

_____          ADDRESS

_____          Service was executed in accordance with Rule 106
(a) ADDRESSEE                                (2) TRCP, upon the Defendant as evidenced by the
                                             return receipt incorporated herein and attached
_____              hereto at

                                         on _____ day of _____, ____
                                         by U.S. Postal delivery to _____

                                         _____

                                         This citation was not executed for the following
                                         reason: _____

                                         _____

                                         MARILYN BURGESS, District Clerk
                                         Harris County, TEXAS

                                         By _____, Deputy

Certified Document Number: 87634409 - Page 1 of 2

N.INT.CITM.P                          \*73685880\*          RECORDER'S MEMORANDUM
                                                          This instrument is of poor quality
                                                          at the time of imaging

7018  7730  0002  1908  16 TS

CAUSE NO.  201974948

RECEIPT NO.                          75.00        CTM
**********                    TR # 73685880

| | |
|---|---|
| PLAINTIFF: MALEKIFAR, MAGGIE<br>            vs.<br>DEFENDANT: OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA | In The   125th<br>Judicial District Court<br>of Harris County, Texas<br>125TH DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA
    BY SERVING ITS ATTORNEY FOR SERVICE C T CORPORATION SYSTEM

    1999  BRYAN STREET SUITE 900   DALLAS TX  75201

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 11th day of October, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 15th day of October, 2019, under my hand and seal of said Court.

Issued at request of:                    MARILYN BURGESS, District Clerk
SCOTT, DANNY RAY                                 Harris County, Texas
2019  WICHITA STREET                             201 Caroline, Houston, Texas 77002
HOUSTON, TX  77004                               (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 941-9309
Bar No.: 24010920                        Generated By: SALGADO, CAROLINA  G17//11354928

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION to the following addressee at address:

_____          ADDRESS

_____          Service was executed in accordance with Rule 106
(a) ADDRESSEE                                (2) TRCP, upon the Defendant as evidenced by the
                                             return receipt incorporated herein and attached
                                             hereto at

                                         on _____ day of _____, _____
                                         by U.S. Postal delivery to _____
                                         _____

                                         This citation was not executed for the following
                                         reason: _____
                                         _____

                                         MARILYN BURGESS, District Clerk
                                         Harris County, TEXAS

                                         By _____, Deputy

N.INT.CITM.P                        *73685880*

Certified Document Number: 87634409 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:        87634409 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2019-74948



10-16-19

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postage
$

Total Postage and

Sent To

Street and Apt. No.,

City, State, ZIP+4®

OCCIDENTAL FIRE & CASUALTY
COMPANY OF NORTH CAROLINA
C/O C T CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

7018 1130 0002 1905 8675

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

Certified Document Number: 87689222 - Page 1 of 1

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging.



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:        87689222 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

OCCIDENTAL FIRE & CASUALTY
COMPANY OF NORTH CAROLINA
C/O C T CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

9590 9402 4604 8323 5900 06

2. Article Number *(Transfer from service label)*

7018 1130 0002 1905 8675

PS Form 3811, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____   ☐ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
Terri Thongsavat                    OCT 1 8 2019

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

2019-74948        125th

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Certified Document Number: 87807428 - Page 2 of 2

USPS TRACKING #



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 4604 8323 5900 06

**United States
Postal Service**

MARILYN BURGESS
DISTRICT CLERK
HARRIS COUNTY, TEXAS

2019 OCT 24 AM 8:12

10-24-19

BY_____
MAIL PROCESSING ADMIN

• Sender: Please print your name, address, and ZIP+4® in this box •

**MARILYN BURGESS**
HARRIS COUNTY DISTRICT CLERK
P.O. BOX 4651
HOUSTON, TEXAS 77210-4651



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:      87807428 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/11/2019 8:52 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38376349
By: JIMMY RODRIGUEZ
Filed: 11/11/2019 8:52 AM

CAUSE NO. 2019-74948

| | | |
|---|---|---|
| MAGGIE MALEKIFAR | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| OCCIDENTAL FIRE & CASUALTY OF | § | |
| NORTH CAROLINA | § | HARRIS COUNTY, TEXAS |

### DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, misnamed as "Occidental Fire & Casualty of North Carolina," Defendant in the above-styled and numbered cause, and make and files this, its Original Answer in reply to Plaintiff's Petition, and for such answer would respectfully show unto the Court the following:

1.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations contained within Plaintiff's Petition and demands strict proof thereon by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

2.

Pleading further and without waiver of the above, Defendant denies the occurrence of all conditions precedent to Plaintiff's claim. Without limiting the foregoing, Defendant denies that there has been full compliance with all terms and conditions of the insurance policy at issue as required prior to Plaintiff bringing suit, including, but not limited to, the requirement that payment is only due after agreement is reached on the amount of loss or an appraisal award has been made.

3.

Pleading further and without waiver of the above, Defendant requests that this Court compel mediation pursuant to TEXAS INSURANCE CODE § 541.161(a). This mediation is required

Certified Document Number: 88025854 - Page 1 of 4

under the Texas Insurance Code and Texas Business & Commerce Code. TEX. INS. CODE § 541.161(b).

4.

Additionally, the insurance policy pertaining to the claims asserted by the Plaintiff include a specific "Appraisal" clause which sets forth the procedure in the event of a disagreement of the amount of the loss. Specifically, the policy requires that, upon written request, the property must be appraised by each party's own disinterested appraiser. In the event of a disagreement in the appraisal, the differences are submitted to an umpire for determination. Compliance with the appraisal process is a condition precedent to any suit against Defendant insurance company. Defendant insurance company was deprived of the opportunity to invoke the appraisal clause prior to suit. Further, the lawsuit prevented Defendant insurance company from attempting to resolve the alleged problems, reaching an impasse or invoking the appraisal clause, if necessary. Defendant insurance company reserves the contractual right to invoke this clause and that the property be appraised according to the terms of the applicable insurance policy if the parties reach an impasse. Defendant insurance company has not waived and is not waiving this provision and may assert it in the future.

5.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant hereby gives actual notice to Plaintiff that any and all documents and materials produced in response to written discovery may be used as evidence in this case; and, that any such materials may be used as evidence against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the document and/or materials produced in discovery.

6.

<u>Requests for Disclosure</u>

At the time required by law or the Rules, the Defendant requests the Plaintiff to respond to all of the matters in TRCP 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final hearing hereof, that Plaintiff not recover against Defendant and that Defendant goes hence with its costs without day and for such other and further relief, at law or in equity, to which Defendant may justly show itself entitled to receive.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West*
        Mikell A. West
        State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA

## <u>CERTIFICATE OF SERVICE</u>

      I, Mikell A. West, hereby certify that on the 11th day of November, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*<u>Attorneys for Plaintiff</u>*
Danny Ray Scott
Scott Law Offices, PC
Email: casenotifications@scottlawyers.com

**VIA E-FILING**

                                               */s/ Mikell A. West*
                                               Mikell A. West



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:        88025854 Total Pages:  4

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/11/2019 8:52 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38376349
By: JIMMY RODRIGUEZ
Filed: 11/11/2019 8:52 AM

CAUSE NO. 2019-74948

| | | |
|---|---|---|
| MAGGIE MALEKIFAR | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 125TH JUDICIAL DISTRICT |
| | § | |
| OCCIDENTAL FIRE & CASUALTY OF | § | |
| NORTH CAROLINA | § | HARRIS COUNTY, TEXAS |

## **DEFENDANT'S DEMAND FOR JURY**

COMES NOW, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, misnamed as "Occidental Fire & Casualty of North Carolina," Defendant in the above-referenced cause, and demands a trial by jury.  The jury fee was previously paid by Plaintiff.

Respectfully submitted,

Gault, Nye & Quintana, L.L.P.
P.O. Box 6666
Corpus Christi, Texas 78466
(361) 654-7008
(361) 654-7001 Telecopier
mwest@gnqlawyers.com

By: */s/ Mikell A. West*
       Mikell A. West
       State Bar No. 24070832

ATTORNEY FOR DEFENDANT OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA

## <u>CERTIFICATE OF SERVICE</u>

I, Mikell A. West, hereby certify that on the 11th day of November, 2019, a true and correct copy of the above and foregoing document was served upon the following counsel as indicated:

*<u>Attorneys for Plaintiff</u>*
Danny Ray Scott
Scott Law Offices, PC
Email: <u>casenotifications@scottlawyers.com</u>

**VIA E-FILING**

*/s/ Mikell A. West*
Mikell A. West

MALEKIFAR/OFCC – JD - PAGE **2** OF **2**



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:        88025855 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**